106 F.3d 402
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Nathaniel WILSON, Defendant-Appellant,
City of Detroit; Detroit Police Department, Garnishees.
 No. 96-1094.
 United States Court of Appeals, Sixth Circuit.
 Jan. 30, 1997.
 
 Before: GUY, SUHRHEINRICH, and BATCHELDER, Circuit Judges.
 
 ORDER
 
 1
 This is an appeal from an order of garnishment to recoup the costs of incarceration of a federal prisoner. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 In 1991, Nathaniel Wilson was convicted after a jury trial of conspiring to distribute cocaine, in violation of 21 U.S.C. §§ 846 and 841(a)(1), cocaine distribution, in violation of 21 U.S.C. § 841(a)(1), and use of a firearm in a drug trafficking crime, in violation of 18 U.S.C. § 924(c). Wilson's direct appeal resulted in the affirmance of his conviction and a remand for a new sentence. United States v. Medina, 992 F.2d 573 (6th Cir.1993). Wilson received an aggregate 295 month sentence upon remand and was ordered to reimburse the government for the costs of his imprisonment.
 
 
 3
 In 1995, the United States filed an application for a writ of continuing garnishment pursuant to 28 U.S.C. § 3205(b)(1) in which they sought to attach monies apparently seized from Wilson and held by the City of Detroit. A series of responsive pleadings ensued with the district court ultimately entering the order requested. This appeal followed. The parties have briefed the issues; Wilson is proceeding without benefit of counsel and moves for pauper status.
 
 
 4
 Wilson was sentenced to a 295 month term of imprisonment. The judgment and commitment order contains the following notation:
 
 
 5
 The court is waiving the fine, but imposing costs of imprisonment at rate of $1,415.56, payable monthly, and costs of supervised release at rate at time of release, to commence upon the defendant's release from custody.
 
 
 6
 This aspect of Wilson's sentence was never the subject of an appeal.
 
 
 7
 Wilson had served approximately 5 years of his sentence when counsel for the United States laid claim to the sum of $84,084.26 that was in the possession of the City of Detroit and payable to Wilson and his former attorney, Otis Culpepper. (Culpepper has since disclaimed any interest in the money.) Wilson moved to quash the application, arguing that this procedure was akin to a Double Jeopardy violation and that the costs order was not due and payable until the period of his supervised release began. The district court rejected Wilson's motion. Wilson filed a pleading in response in which he asked the court to stay any further costs and to exempt a large portion of the money held by the City of Detroit owing to the impecunious state of Wilson's family. The court summarily denied Wilson's request and this appeal followed.
 
 
 8
 Wilson raises one assignment of error on appeal.
 
 
 9
 Whether the judgment and commitment order's language stays the payments of costs of incarceration until appellant--Nathaniel Wilson is release [sic] from custody and payments are condition of his supervised release.
 
 
 10
 The district court clearly adopted the position (set forth in the government's initial response) that the language in its own judgment and commitment order made the costs of Wilson's imprisonment due and payable on a monthly basis. "[A]n appellate court should accord deference to a district court's construction of its own earlier orders, if that construction is reasonable." State of Michigan v. City of Allen Park, 954 F.2d 1201, 1213 (6th Cir.1992) (citing Commercial Union Ins. Co. v. Sepco Corp., 918 F.2d 920, 924 (11th Cir.1990)). The district court's interpretation of its own language is not grammatically unreasonable and is supported by the general policy in favor of inmates shouldering the costs of their own incarceration where practical. See, e.g., USSG § 5E1.2(i) (requiring imposition of fine equal to costs of incarceration in concert with other provisions); 18 U.S.C. § 3572(f) (fine generally due immediately unless other payment schedule clearly set forth in order). The appeal lacks merit.
 
 
 11
 Accordingly, the motion for pauper status is granted and the district court's judgment is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.